IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| **JEFCO INTERNATIONAL, INC** | ) | |
| | ) | |
| | ) | |

### General Provisions

This PLEA AGREEMENT is made this ___9th___ day of ___July___, 2007, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney W. Walter Wilkins; the Defendant, **JEFCO INTERNATIONAL, INC** and its President Jeffery Cohen, and Defendant's Attorney, Jim Bannister, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1.  The Defendant, **JEFCO INTERNATIONAL, INC**, through its President Jeffery Cohen agrees to waive Indictment and arraignment, and plead guilty to an Information charging trafficking in counterfeit goods, in violation of Title 18, United States Code, § 2320.

    In order to sustain it's burden of proof as to this offense, the Government is required to prove the following:

    Beginning on or about January 10, 2002 and continuing through on or about December 2005, in the District of South Carolina the Defendant

    (A) The defendant trafficked or attempted to traffic in goods or services;

    (B) Such trafficking or the attempt to traffic was intentional;
    (C) The defendant used a counterfeit mark on or in connection with such goods or services; and

(D) The defendant knew that the mark so used was counterfeit.

2. The Defendant, **JEFCO INTERNATIONAL, INC**, through its President Jeffery Cohen agrees to consent to the commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

3. The Defendant, **JEFCO INTERNATIONAL, INC** through its President Jeffery Cohen understand that in addition to any fines that the Court may impose, the Court will assess a $400.00 special assessment. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as may be requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

4. <u>Restitution:</u> The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in the

amounts stated below. The Defendant understands and agrees that full payment of restitution is due immediately after sentencing unless the court provides, in the interest of justice, for payment on a date certain or in installments over the shortest time in which full payment can be reasonably made. The Defendant further understands and agrees that the government will seek enforcement of any order of restitution, and reserves the right to petition the court at a later date to increase the amount of any installment payments toward restitution in the interest of justice. The Defendant agrees to pay restitution to the following victims:

    1. American Eagle $7,480.73

    2. Nike $62,773.75

    3. Ralph Lauren Polo $31.665.02

for a total of $101,919.50 in restitution. Any remainder of monies, after the fine has been paid, that were seized from the account of **JEFCO INTERNATIONAL, INC** may be used towards the satisfaction of the restitution payments.

4. The Defendant, **JEFCO INTERNATIONAL, INC** through its President Jeffery Cohen agree that the loss amount for purposes of calculating a fine pursuant to Chapter 8 of the United States Sentencing Guidelines is over $30,000 but less than $70,000. The fine range is between $140,000 and $280,000. The Government and **JEFCO INTERNATIONAL, INC** through its President Jeffery Cohen stipulate and agree that **JEFCO INTERNATIONAL, INC** will pay a fine of $167,058.50. The satisfaction of such fine shall be derived from the seized monies from the account of **JEFCO INTERNATIONAL, INC**.

5. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers

as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

6. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

8. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information

to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    (A)    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    (B)    all additional charges known to the Government may be filed in the appropriate district;

    (C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    (D)    the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

9. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this

paragraph shall not be applied to restrict any such information:

    (A)    known to the Government prior to the date of this Agreement;

    (B)    concerning the existence of prior convictions and sentences;

    (C)    in a prosecution for perjury or giving a false statement; or

    (D)    in the event the Defendant breaches any of the terms of the Plea Agreement.

10. The Defendant represents to the court that he has had the services of an attorney the Defendant believes to be competent; that the Defendant has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to

contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

12. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

7/9/07
DATE

_as President_
JEFCO INTERNATIONAL, INC,
by and through its President Jeffery Cohen
Defendant

7/9/07
DATE

Jim Bannister
Attorney for the Defendant

7/9/07
DATE

REGINALD I. LLOYD
UNITED STATES ATTORNEY

BY: _____
W. Walter Wilkins
Assistant U. S. Attorney